UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUSTIN CHRISTOPHER SMITH, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | No. 2:21-cv-90 <br> Judge Jordan |

**RESPONSE IN OPPOSITION TO PETITIONER'S**
**MOTION FILED PURSUANT TO 28 U.S.C. § 2255**

The United States opposes Smith's § 2255 motion because none of his ineffectiveness claims satisfy *Strickland*'s two-part test, and because his sentencing claim is waived, procedurally defaulted, unreviewable, and ultimately unavailing. Smith's motion should be denied.

### FACTUAL AND PROCEDURAL HISTORY[1]

In 2017, police found Smith and another man "passed out" in a rental car at a gas station and ultimately arrested both men for public intoxication. (Doc. 58, Amended Plea Agreement at ¶ 5(a).) They found a semiautomatic pistol in the area of the car where Smith had been seated, a bag of ammunition claimed by Smith, and suboxone tablets and drug paraphernalia. (*Id*.) After being advised of his *Miranda* rights, Smith's companion told police that Smith had previously shown him the firearm and said he possessed it "for protection." (*Id*. at ¶ 5(b).) During the encounter with police, Smith tried to convince his companion to claim the gun belonged to him because Smith is a convicted felon. (*Id*.)

---

[1] Unless otherwise specified, record citations refer to the underlying criminal case, No. 2:18-cr-86.

In 2018, Smith was charged with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, Indictment.) Less than one week after Smith's initial appearance, attorney Joseph McAfee was retained to represent Smith. (Doc. 3, Courtroom Minutes; Doc. 8, Motion to Substitute Counsel.) Trial was scheduled for late November 2018. (Doc. 15, Order.) Counsel quickly realized that Smith would "likely . . . be subject to enhanced punishment as an Armed Career Criminal if convicted as charged," due to his criminal history. (Doc. 11, Motion at 2.)

One day before trial was set to begin, Smith signed a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), stipulating that he possessed the firearm, that he had seven prior felony convictions, and that a sentence of 180 months' imprisonment and five years' supervised release would be an appropriate sentence if he were "determined to be" an armed career criminal under 18 U.S.C. § 924(e); otherwise, he would be sentenced to a term of imprisonment "within the advisory guidelines [range] determined by the [C]ourt" and a three-year term of supervised release. (Doc. 36, Plea Agreement at ¶¶ 5, 7.) Smith then pleaded guilty in open court. (Doc. 39, Courtroom Minutes.)

The presentence report classified Smith as an armed career criminal based on two prior Florida convictions for resisting an officer with violence and one Florida conviction for robbery. (Doc. 41, Sealed Presentence Report at ¶¶ 21, 37, 40-41.) Smith unsuccessfully objected to that classification, arguing that two of the offenses were not committed on occasions different from one another. (Doc. 45, Objections; Doc. 48, Response; Doc. 50, Memorandum & Order.)

Before Smith was sentenced, however, the Supreme Court held that a § 922(g) conviction requires proof that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Because neither Smith's indictment nor his guilty plea had identified such knowledge as an element of the

offense, the United States filed a superseding indictment after *Rehaif*; it also charged Smith with possessing a firearm as an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3). (Doc. 54, Superseding Indictment.) Smith negotiated an amended plea agreement to the felon-in-possession offense, again pursuant to Rule 11(c)(1)(C) with the same sentencing agreement dependent upon the Court's determination whether he was an armed career criminal, and entered a guilty plea to that offense in August 2019; the government agreed to dismiss the unlawful-user-in-possession offense. (Doc. 58, Amended Plea Agreement at ¶¶ 1, 2, 7; Doc. 74, Hr'g Tr.) As part of the plea agreement, Smith stated that he would "not file a direct appeal of [his] conviction or sentence with one exception: [he] retain[ed] the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater." (Doc. 58, Amended Plea Agreement at ¶ 10(a).) He also promised "not [to] file any motions or pleadings pursuant to 28 U.S.C. § 2255," except for claims of prosecutorial misconduct or ineffective assistance of counsel. (*Id*. at ¶ 10(b).)

During the plea colloquy, Smith agreed that he had "ample opportunity" to discuss the case with counsel, that counsel had "explained the terms of the plea agreement to [him]," that he was "satisfied with [counsel's] advice and his representation . . . in this case," that he knew the rights he was giving up by pleading guilty and the penalties he faced as a result of his plea, and that he was pleading guilty because he was, in fact, guilty. (Doc. 74, Hr'g Tr. at 4-7, 10, 14.) Smith also agreed that he understood, among other things, that he was "waiving [his] right to appeal any sentence imposed" and his right to file a § 2255 motion, save for the exceptions listed in the plea agreement. (*Id*. at 12.) The Court accepted Smith's plea, finding that he had "offered to plead guilty knowingly and voluntarily." (*Id*. at 14-15.)

3

The Court then sentenced Smith. (*Id*. at 15.) The Court found that the advisory guideline range was 168 to 210 months' imprisonment, restricted by the 180-month mandatory minimum required by Smith's armed career criminal classification. (*Id*. at 16.) The Court accepted the Rule 11(c)(1)(C) plea agreement and imposed the agreed-upon 180-month sentence, *i.e.*, the lowest term of imprisonment authorized by law, followed by five years' supervised release. (*Id*. at 16-21.) When invited to allocute, Smith had characterized that sentence as "a little extreme," but also acknowledged that "the law is the law." (*Id*. at 20.)

Despite the waiver in his plea agreement, Smith appealed his armed-career-criminal classification; the Sixth Circuit dismissed the appeal on the government's motion, finding that Smith's claim fell "within the scope of his valid and enforceable appeal waiver." (Doc. 75, Sixth Circuit Order at 2.) Smith then unsuccessfully sought to dispute the manner in which the Bureau of Prisons calculated his sentence. (Doc. 82, Order.)

He filed a timely § 2255 motion. (Doc. 83, § 2255 Motion.) The United States responds within the time period specified by the Court. (Case No. 2:21-cv-90, Doc. 4, Order.)

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## ARGUMENT

Smith claims that his counsel was constitutionally ineffective in four ways: for not adequately communicating with him, for not conducting further investigation, for not negotiating a more favorable plea agreement, and for not preventing his armed-career-criminal classification.

5

(Doc. 83, § 2255 Motion at 4.) Smith also contests the Court's determination that he was an armed career criminal. (*Id*. at 5.) The sentencing claim is waived, procedurally defaulted, and ultimately unavailing. His ineffectiveness claims, while reviewable, do not satisfy *Strickland*'s two-part test. His motion should be denied.

1. <u>Smith's sentencing claim is waived, procedurally defaulted, and unavailing.</u>

A defendant may waive "any right, even a constitutional right," by means of a plea agreement. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The waiver can include "constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). To be valid, the waiver simply must have been entered into knowingly and voluntarily. *Davila*, 258 F.3d at 451. This Court and the Sixth Circuit have already determined that Smith entered into his plea agreement knowingly and voluntarily. (Doc. 74, Hr'g Tr. at 14-15; Doc. 75, Sixth Circuit Order at 2.) And in that agreement, Smith waived the right to file "any motions or pleadings pursuant to 28 U.S.C. § 2255," with two exceptions: claims of prosecutorial misconduct or ineffective assistance of counsel. (Doc. 58, Amended Plea Agreement at ¶ 10(b).)

Smith alleges that the Court considered non-*Shepard*-approved information when determining that two of his prior offenses were committed on occasions different from one another. (Doc. 83-1, Memorandum at 32.) That claim does not fit within either of the waiver exceptions in his plea agreement, so it should be dismissed on that basis.

Additionally, any claim raised for the first time on collateral review—other than an allegation of ineffectiveness by counsel, *Massaro v. United States*, 538 U.S. 500, 504 (2003)—is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). To obtain review of such a claim, the petitioner must show either that (1) he had good cause for not raising the claim

6

earlier and would suffer "actual prejudice" if it were not reviewed, or (2) he is actually innocent. *Id.* at 621-22; *United States v. Frady*, 456 U.S. 152, 167 68 (1982). The "hurdle" for excusing a procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000); *see also United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) ("a direct appeal would have been the correct forum in which to raise sentencing questions"). Smith has not even attempted to overcome that hurdle here, so his sentencing claim should be deemed unreviewable for that reason, too.[2]

In any event, the claim is unavailing because a *Shepard*-approved document—a charging document—showed that Smith's 2002 convictions for robbery and resisting-with-violence were committed on separate occasions: the resisting-with-violence offense occurred while officers were lawfully attempting to arrest Smith for robbery. (*See* Doc. 48, Response at 4-7; Doc. 48-1, Charging Document.) And contrary to Smith's assertions (*e.g.*, Doc. 83-1, Memorandum at 32), the Court did *not* rely on any presentence report or sentencing memorandum for its different-occasions analysis; the Court explicitly recognized that a presentence report is "not an approved *Shepard* document." (Doc. 50, Memorandum & Order at 5.) Smith's current challenge to his armed-career-criminal classification and sentence is unreviewable and unavailing.

2. <u>Smith has not established that his counsel was constitutionally ineffective.</u>

---

[2] Smith is likely to respond that he should be allowed to litigate even procedurally defaulted claims on collateral review because the Sixth Circuit would have barred any attempt to do so on direct appeal, given the appeal-waiver provision in his plea agreement. But where a defendant has waived his right to appeal, a district court "properly refuse[s] to consider" claims on collateral review that could have raised on appeal, but for the waiver of a direct appeal. *E.g.*, *Calderon*, 1999 WL 801587, at *4.

7

In two seemingly related claims, Smith contends that counsel failed to provide "any reasonable communication" or conduct an adequate investigation. (Doc. 83-1, Memorandum at 12-17.) Yet Smith has not identified any information that counsel withheld from him, nor any additional investigation that would have affected the outcome of the case, and a "defendant who alleges a failure to investigate on the part of his counsel must allege *with specificity* what the investigation would have revealed and how it would have altered the outcome."[3] *United States v. Birdsong*, No. 5:16-cr-16-DCR, 2019 WL 4696410, at *2 (E.D. Ky. Sept. 26, 2019) (internal citation omitted; emphasis added); *accord United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness claim because the record did not show what information could have been further investigated or how it might have altered the outcome of the case). Smith seems to allege that counsel never told him about the possibility of acquittal had he proceeded to trial, yet that possibility was nearly nonexistent, given the strong evidence of Smith's guilt. Smith was found in a car he had rented with a firearm and ammunition for which he claimed responsibility; his companion informed police that Smith possessed the firearm; the firearm had previously passed in interstate commerce; and Smith had seven prior felony convictions and had served more than a year in custody for at least one of those convictions, so any reasonable jury would have found both that he was a convicted felon and that he knew of that status. Even now, Smith has not identified any legitimate basis upon which counsel could have moved to suppress the firearm, nor any other information that would have negated the strong evidence of his guilt. Under such circumstances, counsel's recommendation to plead guilty was entirely appropriate.

---

[3] Smith faults counsel for not hiring a private investigator (Doc. 83-1, Memorandum at 15), although his own documents indicate that counsel did "retain[] a private investigator who was crucial" at preventing additional criminal charges against Smith. (Doc. 83-3, Exhibits at 3.)

8

Even more importantly, Smith's current claims are contradicted by his sworn statements during the plea colloquy[4] that he had "ample opportunity" to discuss the case with counsel, had been "specifically advised . . . as to every element of the offenses charged," and was satisfied with counsel's representation. (Doc. 74, Hr'g Tr. at 4-5.) Because "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and because the Court's plea colloquy was consistent with Rule 11, Smith is bound by his sworn statements during that plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Smith asserts at one point that he "merely acquiesced in [counsel's] advice to answer the . . . [C]ourt's questions during the plea colloquy affirmatively" (Doc. 83-1, Memorandum at 17), but he did not offer uniformly affirmative answers during the colloquy. The record shows that Smith offered appropriate responses to each of the Court's questions after having been advised that he could be prosecuted for perjury if he answered falsely. (*See generally* Doc. 74, Hr'g Tr.) For example, Smith stated his own name, age, and educational level, admitted prior treatment for mental illness and drug addiction, denied being under the influence of any drugs or alcohol, agreed that he understood the rights he was giving up by pleading guilty, denied having been pressured or coerced into pleading guilty, admitted his understanding of the applicable penalties, and denied that he was then on probation or parole. (*Id*. at 3-14.) The totality of the evidence fully supports the Court's determination that Smith's plea was knowing and voluntary.[5] (*Id*. at 14-15.) The record thus contradicts Smith's first two ineffectiveness claims.

---

[4] Smith actually had two separate plea colloquies, because *Rehaif* prompted a superseding indictment and an amended plea agreement. The second and final plea colloquy is quoted here.

[5] Smith asserts that he wrote a letter shortly before that hearing saying that he did not want to plead guilty unless he could contest his armed-career-criminal classification on appeal— and he faults counsel for not giving that letter to the Court—but Smith himself had an unfettered opportunity to speak to the Court directly during the plea colloquy and subsequent sentencing, and he did not raise those concerns in open court. (Doc. 83-1, Memorandum at 25; Doc. 83-2,

9

Smith next complains that counsel failed to negotiate a more favorable plea agreement, *i.e.*, one under which Smith would not be classified as an armed career criminal. (Doc. 83-1, Memorandum at 17-22.) And he laments counsel's failure to prevent that classification and sentence. (*Id*. at 22-32.) Counsel's inability to secure a non-armed-career-criminal sentence was not the result of constitutional ineffectiveness, however, but of the applicable law. As this Court previously determined, Smith was rightly classified as an armed career criminal and was thus subject to a statutorily mandated minimum sentence of 180 months' imprisonment. (Doc. 50, Memorandum & Order.) Smith's plea agreement guaranteed him a sentence equal to that minimum penalty, if he were found to be an armed career criminal—or a sentence within the applicable guideline range if he were not—and Smith ultimately received the lowest sentence permitted by law. (Doc. 58, Amended Plea Agreement; Doc. 64, Judgment.) Accordingly, Smith cannot satisfy either of *Strickland*'s requirements: counsel did not render deficient performance by securing the lowest possible sentence for Smith's offense conduct, nor was Smith prejudiced in any way.

## CONCLUSION

For the foregoing reasons, Smith's § 2255 motion should be denied.

Respectfully submitted,

FRANCIS M. HAMILTON, III
Acting United States Attorney

---

Letter; *see generally* Doc. 74, Hr'g Tr.) Instead, he specifically agreed that he knew the penalty for his offense and that he was waiving his right to appeal. (Doc. 74, Hr'g Tr. at 10-14.) When invited to allocute, Smith expressed his dissatisfaction with his armed-career-criminal status but acknowledged the Court's ruling and concluded that "the law is the law." (*Id*. at 19-20.)

By: _____
B. Todd Martin
Assistant U.S. Attorney
Bar No. 018785
220 West Depot Street, Ste. 423
Greeneville, Tennessee 37743
(423) 639-6759
Todd.Martin2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 8, 2021, this response was filed electronically, and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Justin Christopher Smith
No. 53312-074
FCI Coleman Medium
P.O. Box 1032
Coleman, FL 33521

          *s/ B. Todd Martin*
          B. Todd Martin
          Assistant United States Attorney

11

Case 2:21-cv-00090-RLJ-CRW   Document 6   Filed 07/08/21   Page 11 of 11   PageID #: 72