UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JUSTIN CHRISTOPHER SMITH,　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　 Petitioner,　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　　2:21-CV-00090-DCLC-CRW
　　 vs.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
UNITED STATES OF AMERICA,　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　 Respondent.　　　　　　 )

**MEMORANDUM OPINION AND ORDER**

Petitioner has filed several motions in both this case and in his underlying criminal case, Case No. 2:18-CR-00086-DCLC-CRW. One such motion in this case is a motion under Fed.R.Civ.P. 60(b) [Doc. 65]. The Court will address that motion here. Petitioner raises three arguments. Two of those arguments attack the validity of his prior sentence under the Armed Career Criminal Act rather than identifying any defect in his prior collateral proceeding. Those arguments are second or successive claims under 28 U.S.C. § 2255, and they are **TRANSFERRED** to the Sixth Circuit under 28 U.S.C. § 1631. The third argument attacks this Court's enforcement of his collateral-attack waiver. That argument is a proper Rule 60(b) claim, but he failed to file it timely. Thus, it is **DENIED**.

I.　　　**BACKGROUND**

Petitioner has filed a motion under Fed.R.Civ.P. 60(b), requesting relief under *Wooden v. United States*, 595 U.S. 360 (2022), *Vowell v. United States*, 938 F.3d 260 (6th Cir. 2019), and *Erlinger v. United States*, 602 U.S. 821 (2024) [Doc. 65].

A brief history is in order. In June 2018, Petitioner was indicted on one count of being a felon in possession of a firearm. [Criminal Docket Doc. 1]. That indictment was superseded in

1

August 2019 to comply with *Rehaif v. United States*, 588 U.S. 225 (2019). [Criminal Docket Doc. 54]. He later entered a Plea Agreement under Fed.R.Crim.P. 11(c)(1)(C) in which he agreed to a sentence of 180 months, the mandatory minimum sentence. With a total offense level of 30 and a criminal history of VI, the presentence report ("PSR") calculated Petitioner's guideline range to be 168 to 210 months [Criminal Docket Doc. 41, ¶ 87]. This was based in part on its finding that his 2002 Florida robbery and resisting arrest convictions were committed on different occasions for purposes of the ACCA. As a result, the PSR concluded that he was subject to an enhanced sentence under the Armed Career Criminal Act ("the ACCA"), and the statutory mandatory minimum for his offense created an effective guideline range of 180 to 210 months.

Petitioner objected to the application of the ACCA, arguing that two of his prior convictions were not committed on different occasions under 18 U.S.C. § 924(e). [Criminal Docket Doc. 45]. The district court overruled his objections in a written order [Criminal Docket Doc. 50]. On August 27, 2019, the Court approved his Rule 11(c)(1)(C) Plea Agreement and sentenced Petitioner to 180 months' imprisonment and five years of supervised release. [Criminal Docket Doc. 64]. On September 1, 2019, Petitioner filed a direct appeal to the Sixth Circuit [Criminal Docket Doc. 66]. On June 12, 2020, the Sixth Circuit, based on Petitioner's Plea Agreement to waive his direct appeal rights, dismissed his appeal [Criminal Docket Doc. 75].

On June 3, 2021, he filed his original motion to vacate under 28 U.S.C. § 2255, raising four claims of ineffective assistance of counsel and that the district court erred in sentencing him to 180 months' imprisonment because that sentence exceeded the statutory maximum as Petitioner claimed he was not an armed career criminal. The district court found the petition without merit either based on waiver or otherwise not supported. [Doc. 14].

2

Petitioner appealed that denial [Doc. 16]. The Sixth Circuit construed his notice of appeal as a request for a certificate of appealability [Doc. 21, pg. 2]. It found that "[j]urists of reason would agree that Smith did not receive ineffective assistance of trial counsel," and that "[j]urists of reason would agree that the collateral-attack waiver in Smith's plea agreement bars consideration of his claim that the district court erroneously applied the ACCA enhancement." [Doc. 21, pgs. 4, 5]. On March 27, 2023, it denied Petitioner's application for a certificate of appealability. [*Id.* at 6].

On April 3, 2023, Petitioner filed a motion to amend his § 2255 motion in this Court. [Doc. 22]. That motion was denied on October 10, 2023. [Doc. 29]. Petitioner appealed that order to the Sixth Circuit, raising the issues presented in *Wooden v. United States*, 595 U.S. 360 (2022). [Doc. 30]. He asserted that "his appeal waiver did not bar the claim and that his 2002 offenses did not happen on separate occasions when considered in light of *Wooden*." [Doc. 52, pg. 3]. The Sixth Circuit construed Petitioner's appeal as "an application to file a second or successive § 2255 motion…." [Doc. 52]; *Smith v. United States*, No. 23-5949, 2025 WL 4701421, at *1 (6th Cir. Jan. 10, 2025), *cert. denied*, No. 25-7283, 2026 WL 1640920 (U.S. June 8, 2026). The Sixth Circuit denied Petitioner's application, noting that *Wooden* was a "case of statutory interpretation and did not announce a new rule of constitutional law made retroactive to cases on collateral review." [Doc. 52, pg. 5].

On September 19, 2025, the Sixth Circuit again addressed Petitioner's request to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 61]. The Sixth Circuit noted the Petitioner claimed the following:

His ACCA-enhanced sentence was invalid in view of (1) *Wooden v. United States*, 595 U.S. 360, 369 (2022), which held that multiple convictions arising from a single criminal episode do not count as separate ACCA predicates, and (2) *Erlinger v. United States*, 602 U.S. 821, 835 (2024), which held that whether a defendant's

3

prior ACCA-qualifying convictions were committed on different occasions is a factual question that, under the Fifth and Sixth Amendments, must either be found by a unanimous jury beyond a reasonable doubt or admitted by a defendant.

[Doc. 61, pg. 1-2]. The Sixth Circuit denied his motion for authorization to file a second or successive § 2255 motion to vacate. [*Id.* at 2].

On December 30, 2025, he filed the instant motion for relief from judgment under Fed.R.Civ.P. 60(b) to reopen the October 14, 2022 judgment [Doc. 14] denying his § 2255 motion. He claims that his motion attacks the integrity of the § 2255 proceeding and is not an attack on the underlying conviction. He argues the district court erred in denying his § 2255 motion as it mistakenly enforced the collateral-attack waiver contrary to *Vowell*. He maintains *Wooden* and *Erlinger* render his 180-month ACCA sentence statutorily excessive because his 2002 priors constitute one occasion. He asserts extraordinary circumstances exist due to the waiver misapplication, intervening precedent, and his diligence. He requests the Court vacate the October 14, 2022 judgment, reopen his § 2255 case, and conduct a merits review and an evidentiary hearing. Alternatively, he asks for transfer to the Sixth Circuit for authorization to pursue a second or succession motion to vacate.

"A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). If the Rule 60(b) motion is treated as a second or successive motion, then 28 U.S.C. § 2244(b) prohibits this Court from considering it. Before the district court can even consider it, the court of appeals must authorize the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). A motion that however "does not attack a determination on the merits" is not a "successive habeas petition" if it only addresses "'some defect in the integrity of the federal habeas proceedings.'" *Tyler*, 749 F.3d at

4

507 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). When a second or successive motion is filed in the district court without the required authorization, the district court is to transfer the matter to the court of appeals under 28 U.S.C. § 1631 rather than dismiss it. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Portions of Petitioner's Rule 60(b) motion are in substance a request to file a second or successive motion to vacate. The Court transfers those claims to the Sixth Circuit for review in the first instance. The Court denies the remaining portion of the motion.

## II. ANALYSIS

### A. The *Wooden* and *Erlinger* arguments are second or successive claims under 28 U.S.C. § 2255

A Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" is a true Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532. A motion that instead "attacks the federal court's previous resolution of a claim *on the merits*" is in substance a second or successive motion. *Id*. at 532, n. 4. Petitioner's principal argument is that, under *Wooden*, his 2002 Florida robbery and resisting-arrest offenses constitute a single "occasion" and therefore cannot serve as separate ACCA predicates. This is not an attack on the integrity of the § 2255 proceedings; it is a challenge to the Court's finding that he was an armed career criminal. As such, it presents a "claim" within the meaning of *Gonzalez* and must be treated as a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 531–32; *Moreland v. Robinson*, 813 F.3d 315, 322-24 (6th Cir. 2016).

Whether that claim may proceed is governed by 28 U.S.C. § 2255(h), which permits a second or successive motion only upon a showing of newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." That gatekeeping function is committed in the first instance to the Sixth

5

Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d at 47. Accordingly, the Court does not resolve the merits of the claim but transfers it to the Sixth Circuit for that Court to determine whether authorization is warranted.[1]

**B.      Petitioner's *Erlinger* argument also attacks the sentence, not the proceeding**

Petitioner next contends that, under *Erlinger*,[2] the "different occasions" determination is an element that must be found by a jury beyond a reasonable doubt, and that the judicial fact-finding underlying his enhancement was therefore constitutionally inadequate. [Doc. 65, pg. 2]. Petitioner's argument challenges the validity of the different-occasions analysis, and he does not identify any defect in the § 2255 proceeding itself.  It is therefore a claim, and it is his second or successive one.

As with the *Wooden* claim, the question of whether Petitioner may proceed, including whether *Erlinger* has been made retroactive to cases on collateral review by the Supreme Court within the meaning of § 2255(h)(2), is for the Sixth Circuit to decide in the first instance.  It has already noted that "assuming that the rule established in *Erlinger* is a 'new' one (rather than an 'old' rule dictated by precedent), the Supreme Court has not made it retroactive to cases on collateral review." [Doc. 61, pg. 2]; *see also Gann v. United States*, No. 3:19-CR-165-TAV-JEM-1, 2026 WL 886616, at *11 (E.D. Tenn. Mar. 30, 2026) (collecting cases finding *Erlinger* not retroactive).  The Court therefore transfers this claim to the Sixth Circuit rather than adjudicating it.[3]

---

[1]      Notably, Petitioner has already litigated a *Wooden*-based motion to amend, which the Court denied [Doc. 29]; his effort to relitigate that same theory through Rule 60(b) confirms that the motion is successive in substance. The Sixth Circuit's prior ruling regarding Petitioner's *Wooden* claim demonstrates why this is really a request to file a successive § 2255 motion.

[2]      *Erlinger* was decided in 2024, after the judgment denying his § 2255 motion.

[3]      Petitioner relies on *United States v. Campbell*, 122 F.4th 624 (6th Cir. 2024), and *United States v. Cogdill*, 130 F.4th 523 (6th Cir. 2025), which address the harmless-error standard

6

**C.      Petitioner's waiver argument is untimely.**

Petitioner's third argument is a true Rule 60(b) motion as it is an attack on the Court's procedural ruling rather than the sentence itself.   In his plea agreement, Petitioner waived his right to collaterally attack his conviction and sentence.  [Crim. Case, Doc. 58, ¶ 10].  When he filed his § 2255 motion in 2021, this Court relied on that waiver to not reach the merits of his ACCA claim. Petitioner invokes *Vowell*  as the basis for the Court to consider the merits of his claim. [Doc. 65, pg. 8].   In *Vowell*, the Sixth Circuit addressed the enforceability of such waivers where the underlying sentence exceeded the statutory maximum.   Where that occurs, a waiver will not prevent review of the merits of the claim.  *Vowell v. United States*, 938 F.3d 260, 268 (6th Cir. 2019). In other words, a defendant does not waive review of a sentence that is otherwise unlawful because it is "statutorily excessive based on a subsequent change in the law…." *Id*.

Petitioner argues that the Court erred in enforcing the collateral-attack waiver as a procedural bar in light of *Vowell*.   Rule 60(b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect."   But such a motion under Rule 60(b)(1) must filed "no more than a year after  the  entry  of  the  judgment…."   Fed.R.Civ.P.  60(c)(1).   The  one-year  period  cannot  be extended.  *See* Fed.R.Civ.P. 6(b)(2).  The Court entered judgment denying Petitioner's § 2255 motion on October 14, 2022 [Doc. 14].  Petitioner filed this Rule 60(b) motion on December 30, 2025, three years later [Doc. 65].  This motion is untimely on its face.  In addition, *Vowell* was decided in 2019, before Petitioner filed his § 2255 motion.  Thus, it is not intervening authority, and he could have raised that issue on direct review of that judgment, but he did not.

**D.      Rule 60(b)(5) and (6) do not provide an alternative basis for relief.**

---

governing *Erlinger* claims on direct review and do not apply *Erlinger* retroactively to collateral attacks.

7

The Petitioner also requests relief under Rule 60(b)(5) and (6).  Rule 60(b)(6) is available only for grounds "not addressed by the first five numbered clauses of the Rule," so a party may not use it to escape the one-year limit that governs a claim of legal error under Rule 60(b)(1).  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  Petitioner's waiver argument is a claim of legal error, and Rule 60(b)(6) does not revive it. "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025).  Subsequent changes in the law are ordinarily not such a circumstance, especially where the decisions on which Petitioner relies are not retroactive on collateral review.  To the extent Petitioner's Rule 60(b)(6) argument rests on the same *Wooden* and *Erlinger* theories he has already argued, it remains an attempt to litigate new claims and is a second or successive claim.  Finally, Rule 60(b)(5) applies to a judgment that has been satisfied, that rests on an earlier judgment since reversed, or that no longer equitable to apply prospectively. None of these circumstances apply to the judgment that Petitioner seeks relief from.

## III.    CONCLUSION

To the extent his motion under Rule 60(b) asserts claims under *Wooden v. United States* and *Erlinger v. United States*, those claims constitute a second or successive § 2255 motion, and they are **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for that Court to determine whether authorization under 28 U.S.C. § 2255(h) should be granted.

To the extent the motion asserts a Rule 60(b) claim based on the Court's enforcement of the collateral-attack waiver, that claim is **DENIED** as untimely under Fed.R.Civ.P. 60(c)(1).  To the extent a certificate of appealability is required as to the denial of the remaining portions of his Rule 60(b) motion, a certificate of appealability is **DENIED**.  Where a court denies relief on

8

procedural grounds, a certificate may issue only if the movant shows both that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the procedural ruling was correct. Reasonable jurists would not debate that the waiver argument is barred by the one-year limitation of Rule 60(c)(1), and they would not debate that Rule 60(b)(5) and Rule 60(b)(6) supply no alternative basis for relief.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

9